## GREER COUNTY ELECTION BOARD v. ELLIOTT.

No. 1596.    Opinion Filed June 9, 1910.

(109 Pac. 731.)

**APPEAL AND ERROR—Moot Questions.** Abstract or moot questions, disconnected from the granting of actual relief or from the determination of which no practical result can follow, will not be determined by this court.

(Syllabus by the Court.)

*Error from District Court, Greer County; G. A. Brown, Judge.*

Mandamus by A. L. Elliott against the County Election Board of Greer County. From an order granting the writ, respondent brings error. Dismissed. .

*A. M. Stewart,* for plaintiff in error.
*G. D. Williams,* for defendant in error.

WILLIAMS, J. On the 4th day of April, A. D. 1910, the district judge of the Eighteenth judicial district of this state, which includes Greer county, issued a mandatory writ of mandamus commanding the county election board of said county to cause the name of A. L. Elliott to be printed and appear on the ballot as a candidate on the Independent ticket for trustee in Ward No. 2 in the town of Granite in the election to be held on the 5th day of (first Tuesday) April, A. D. 1910. A transcript of said proceedings attached to a petition in error was filed with the clerk of this court on April 18, 1910. At said time said election had been held. As to whether said order had been complied with and the name of said candidate placed upon said ticket to be voted for at said special election does not appear from this record. If the order was complied with and the name placed upon the ticket as an independent candidate at such election, or if it was not complied with and said party was not thereby permitted to

become a candidate at such election, upon this record, this court cannot award any substantial relief.

In *Mills v. Green*, 159 U. S. 651, 16 Sup. Ct. 132, 40 L. Ed. 293, it is said:

"The duty of this court as of every other judicial tribunal is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it. It necessarily follows that when pending an appeal from the judgment of a lower court, and without any fault of the defendant, an event occurs which renders it impossible for this court, if it should decide the case in favor of the plaintiff, to grant him any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal."

In *Miller et al. v. Ury*, 23 Okla. 546, 102 Pac. 112, it was held by this court:

"Where, pending an appeal from a decree granting a mandamus directing the county election board to print upon the official ballot of a primary election the name of a person for nomination as candidate for office, the primary election transpires before final decision is made upon the appeal, the appeal will be dismissed on the ground that the order has become incapable of enforcement, and that the decision would afford no actual relief and be followed by no practical results."

The appeal is accordingly dismissed.

All the Justices concur.