BROWN v. WEST *et al.*

No. 1686.   Opinion Filed May 9, 1911.

(115 Pac. 796.)

**PROHIBITION—Abstract Question's—Dismissal.** Where pending a proceeding by a petition for a writ of prohibition to prohibit and restrain a district judge, an incorporated city, and its officers from proceeding in the prosecution and determination of a condemnation proceeding, whereby certain lands of petitioner are sought to be condemned for the purpose of waterworks, petitioner sells and conveys the lands involved to the city, upon such fact being brought to the knowledge of this court the cause will be dismissed, because it presents for consideration only abstract or hypothetical questions, from a determination of which no practical relief can follow.

(Syllabus by the Court.)

Petition by Gabriel Brown for writ of prohibition against A. T. West and others.   Dismissed.

*Taylor, Pruiett & Sniggs* and *Warren K. Snyder,* for plaintiff. *James E. Webb* and *Stanard, Wahl & Ennis,* for defendants.

. HAYES, J.   This is an original proceeding in this court, by which petitioner seeks to obtain a writ of prohibition, prohibiting and restraining defendant, A. T. West, as presiding judge of the district court of the Seventh judicial district, and the defendant city of Ada and its municipal officers, from proceeding with an action pending in the district court of said district, wherein the city of Ada seeks to condemn certain lands of petitioner for waterworks purposes.   Petitioner alleges in his petition in this court that he is a full-blood Chickasaw Indian, and that the lands the city are attempting to condemn constitute a portion of the allotment of lands received by him as his share of the tribal lands as a member of the Chickasaw and Choctaw Tribes of Indians, and that his restrictions on the power to alienate the same have not been removed, and the court is without jurisdiction to condemn same for the purpose sought by the city.

His petition was filed May 16, 1910. Defendants filed their original answer June 2, 1910. Subsequently defendants have filed in the proceeding an amended answer and a verified motion to dismiss. In the amended answer and motion to dismiss, defendants state that subsequent to the institution of this action the restrictions upon the power of petitioner to alienate his said lands have been removed by the Secretary of the Interior, and a certified copy of the order of the Secretary of the Interior removing petitioner's restrictions is attached to the motion, and they allege that subsequent to the removal of said restrictions petitioner by his deed of conveyance has conveyed to the city of Ada all the land involved in the condemnation proceedings, and a certified copy of said deed as it appears of record in the office of the register of deeds of Pontotoc county is also attached to the motion to dismiss, and to this deed is attached the certificate of the United States Indian Superintendent of the Union Agency, by which he certifies that the land conveyed by the deed has been sold in compliance with the direction of the Secretary of the Interior, pursuant to the order removing the restrictions from said land.

Although the amended answer and motion to dismiss were duly served upon counsel for petitioner, no answer thereto has been made, and the allegations therein may be taken as confessed. It follows, from the facts set up in the motion, that petitioner now has no interest whatever in the lands sought to be condemned, but the same are owned by the defendant city, and that he has no rights to be affected or injured by the proceeding he seeks to restrain, and any decision of the court at this time upon the questions raised by his petition could afford no practical relief whatever to either party except to determine who shall pay the costs. But this court will not decide mere abstract or hypothetical questions, where no practical relief can be afforded. *Greer Co. Election Board v. Elliott*, 26 Okla. 546, 109 Pac. 731; *Miller et al. v. Ury*, 23 Okla. 546, 102 Pac. 112.

The petition is dismissed.

All the Justices concur.