## WEBB v. OKLAHOMA GAS & ELEC. CO.

No. 13783—Opinion Filed Jan. 30, 1923.

(Syllabus.)

2. **Same—Dismissal.**

The refusal of the district court to continue a restraining order or grant an injunction against a corporation, the purposes and objects of which give it the right to condemn property, becomes an abstract or hypothetical question in this court, where, after the action of the district court from which the appeal is taken, the corporation institutes proceedings to condemn the property, commissioners are appointed, the appraisement of the owner's damage is made, and condemnation money paid into the district court and possession of the property is taken by the corporation.

2. **Same—Dismissal.**

Where after a proceeding in error has been instituted in this court a condition arises under which the decision of the question raised would result in granting no relief and the determination of the issue can grant no result other then the awarding of the costs of the appeal, the case will be dismissed.

Error from District Court, Payne County; C. C. Smith, Judge.

Action by L. P. Webb against the Oklahoma Gas & Elec. Company. Judgment for defendant and plaintiff brings error. Dismissed.

Walter Mathews. for plaintiff in error.

Rainey & Flynn, for defendant in error.

BRANSON, J. This cause is prosecuted by plaintiff in error, L. P. Webb, who was plaintiff in the district court of Payne county, Oklahoma, to reverse a judgment and order of the district court entered on the 9th day of September, 1922, setting aside and vacating a temporary restraining order theretofore granted, restraining the defendant in error, defendant below, from entering upon the southwest quarter of section twenty-six (26) in township eighteen (18) north of range six (6 east, I. M., Payne county, Oklahoma.

The plaintiff in his petition alleged that the defendant had entered in and upon his said land, for the purpose of constructing a high voltage electric line on and through the same, with accompanying damages alleged in said petition, and that such a trespass constituted an irreparable injury and loss to the plaintiff. The matter was tried to the court upon an agreed statement of facts, which is in substance that the defendant was constructing a high voltage electric line by the permission of the county commissioners of Payne county, Oklahoma, along a public highway, under authority of chapter 230 of the Session Laws of 1917, which public highway lay south of and adjacent to the above described land of the plaintiff, and that said line was not for the purpose of lighting said highway or for any other use in improving the highway or bettering the same for travel.

After the plaintiff appealed from the order dissolving the temporary restraining order and refusing to grant injunctive relief, the defendant in error in this court filed herein its motion to dismiss the appeal because the question had become moot, and attached to its amended motion to dismiss the appeal a certified copy of the order of the district court of Payne county, Oklahoma, appointing commissioners to inspect said real property in said order described, being the same as set out hereinbefore, and to consider

the injury which the said plaintiff as the owner thereof will sustain by the construction of said pole line along the public highway adjacent to the south line of the premises of the plaintiff. And further attaching to his said motion the oath of said commissioners, and a certified copy of the report of the commissioners, which said report filed in the district court of Payne county, Oklahoma, awards the said L. P. Webb, plaintiff in error, the sum of $50 as damages to his real estate, by reason of the erection of the high voltage electric line complained of in his injunction proceeding.

The condemnation proceedings were had under chapter 15, article 13, Rev. Laws Okla. 1910, and said award having been paid into the office of the court clerk of Payne county, Oklahoma, as provided by law, and defendant having taken possession of the premises and built its line along the highway adjacent to the plaintiff's land, the questions involved in this suit have become abstract and hypothetical. Standard Stone Co. v. Greer, 52 Okla. 595, 153 Pac. 640; Thompson v. Board of Com'rs of Delaware County, 56 Okla. 79, 155 Pac. 881; Reed v. Mullen, 57 Okla. 179, 156 Pac. 1172; Watson v. Gill, 75 Okla. 147, 182 Pac. 493; State ex rel. v. Alexander, 77 Okla. 87, 186 Pac. 1080; Parker v. U. S. Smelter Co., 80 Okla. 129, 194 Pac. 897.

This appeal is dismissed.

JOHNSON, V. C. J., and McNEILL, KENNAMER, NICHOLSON, COCHRAN, and HARRISON, JJ., concur.