The STATE of Oklahoma ex rel. the BOARD OF EXAMINERS IN OPTOMETRY, a board composed of Dr. Kenneth Mathis, President, et al., Appellants,

v.

John G. LAWTON, Appellee.

No. 45380.

Supreme Court of Oklahoma.

June 11, 1974.

James L. Barrett, Oklahoma City, John C. Monk, Arlington, Va., Donald E. Marrs, Frankfort, Ky., Dallas C. Barnett and Jerry Mash, Oklahoma City by James L. Barrett, Bill D. McCarthy, Legal Intern, Oklahoma City, Larry Derryberry, Atty. Gen., by Larry French, Asst. Atty. Gen., for appellants.

Miskovsky, Sullivan & Miskovsky by Robert B. Smith, Oklahoma City, for appellee.

HODGES, Justice.

An action for declaratory judgment and injunction was filed by John G. Lawton, O. D. (Lawton), alleging that the appellants (Board) were about to take action against him for the obvious violation of 59 O.S.1971, § 594.

In 1971, the legislature passed a bill which pertained to the practice of optometry in the State of Oklahoma. Section two of the bill was codified as 59 O.S.1971, § 594. It provides:

"No optometrist, licensed under Chapter 13 of Title 59 of the Oklahoma Statutes, shall practice his profession adjacent to or in such geographical proximity to a retail optical outlet, optical store, optical dispensary or any establishment where optical goods and materials are purveyed to the public so as to induce patronage for himself thereby."

Title 59 O.S.1971 § 597 is penal in nature. It provides:

"Violation of the provisions of this act shall be a misdemeanor. If violation hereof is by a licensed optometrist the same shall constitute grounds for revocation of such license whether or not he may be also charged with a misdemeanor. The Board of Examiners in Optometry shall determine existence of a violation of this act by an optometrist and shall proceed with revocation under powers granted to said Board and in accordance with procedure prescribed in Section 585 of Title 59 of the Oklahoma Statutes. Said Board may make rules necessary for the enforcement of this act so long as such rules are not inconsistent with the provision of this or any other law of this state."

Lawton is a licensed optometrist. In October, 1965, he entered into a lease with a shopping center for the occupancy of an office in a commercial building in Oklahoma City for the practice of his profession. The term of the lease was for five years, with option to renew. In October, 1970, Lawton exercised his option and renewed the lease for an additional term of three years, expiring in October, 1973.

In October, 1965, Lee Optical Company (Lee), a retail optical outlet entered into a lease in the same building. Lee leased space on the opposite side of the hall from Lawton. Lee and Lawton each began their respective occupancies at about the same time, i. e. the completing of the building in which the leased premises are located.

On appeal, it is asserted by the Board, that the trial court erred in its conclusion that an actual, justiciable controversy existed between Lawton and the Board and that an action for declaratory judgment was improper. They allege that the controversy is hypothetical.

The Oklahoma Declaratory Judgment Act, 12 O.S.1971 § 1651 provides:

"District and Superior Courts may, in cases of actual controversy, determine rights, status, or other legal relations, including but not limited to a determination of the construction or validity of any deed, contract, trust, or other instrument or agreement or of any statute, municipal ordinance, or other governmental regulation, whether or not other relief is or could be claimed, except that no such declaration shall be made concerning liability or nonliability for damages on account of alleged tortious injuries to persons or to property either before or after judgment or for compensation alleged to be due under workmen's compensation laws for injuries to persons or concerning obligations alleged to arise under policies of insurance covering liability or indemnity against liability for such injuries. The determination may be made either before or after there has been a breach of any legal duty or obligation, and it may be either affirmative or negative in form and effect; provided however, that a court may refuse to make such determination where the judgment, if rendered, would not ter-

minate the controversy, or some part thereof, giving rise to the proceeding."

■ The declaratory judgments act must be liberally construed to obtain its objective, which is to expedite and simplify the ascertainment of uncertain rights. Ohio Casualty Ins. v. Marr, (C.A. 10th Cir. 1938) 98 F.2d 973, affirming D.C., 21 F.Supp. 217 cert. denied, 305 U.S. 652, 59 S.Ct. 245, 83 L.Ed. 442. Our statutes, 12 O.S.1971 § 2 and 25 O.S.1971 § 29 provide that all general statutes shall be liberally construed to promote their object.

■ The legislature intended for factual situations such as this to come within the confines of the statute. It is apparent from a reading of the statute that a prospective litigant need not hazard the breach of a particular statute as a condition precedent to the bringing of an action under the terms of the declaratory judgment statute. The statute provides the determination may be made either before or after there has been a breach of any legal duty or obligation. The fact that Lawton could be subjected to criminal prosecution and lose his license if he were found to be in violation of the statute certainly renders it a matter of justiciable controversy. The practice and business affairs of Lawton should not be inhibited or held in suspense while he waits to see if the Board construes his office location as a violation of the statute, and if so, whether it will decide to act against him.

■ We agree with the Colorado court which, after citing numerous authorities from various jurisdictions, in Colorado State Board of Optometric Examiners v. Dixon, 165 Colo. 488, 440 P.2d 287, 290 (1968), held that an action for declaratory judgment is an appropriate action to be brought by a person adversely affected by a statute such as the one in question. The court held that risk of violation of the statute is not required to obtain a declaration of its validity, and that one adversely affected by a law which he contends is invalid on its face need not violate that law in order to obtain a declaration of its va-

lidity or invalidity. The court reasoned that one who seeks relief from uncertainty and insecurity with respect to his rights by reason of the passage of a statute need not take the risk of prosecution, fines, imprisonment, loss of property, or loss of profession in order to secure an adjudication of his rights.

■ Appellant Board also asserts that the trial court committed error in holding that 59 O.S.1971 § 594 is unconstitutional. Lawton asserts that the statute is vague and ambiguous and is therefore unconstitutional. We agree.

In the case of Connally v. General Const. Co., 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322, 328 (1926), the United States Supreme Court stated that:

"That the terms of a penal statute creating a new offense must be sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalties, is a well-recognized requirement, consonant alike with ordinary notions of fair play and the settled rules of law. And a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law."

See also Lock v. Falkenstine, 380 P.2d 278, 281 (Okl.Cr.App.1963).

The optometrist is precluded by 59 O.S. 1971 § 594 from locating his office adjacent to or in such geographical proximity to an optical dispensary so as to induce patronage thereby.

The term "adjacent" has no arbitrary definition. City of Ada v. Whitaker, 202 Okl. 249, 212 P.2d 482, 484 (1949). It is a word of flexible meaning. United States v. Denver & R. G. Ry. Co., 31 F. 886, 889 (D.C.Colo.1887). It is defined by Black's Law Dictionary as lying near or close to; sometimes, contiguous, neighboring. Adjacent has been defined as meaning close, close at hand, close to, convenient, in the neighborhood or vicinity of, in proximity,

near, nearby, neighboring, next to, nigh, present, not necessarily touching, or in actual physical contact with. Stanley Co. of America v. McLaughlin, 195 F.Supp. 519, 523 (C.C.D.C.1961).

Under these definitions there is no way of determining with any degree of certainty what "adjacent to" a retail optical outlet would be. The term "geographical proximity" is equally ambiguous. Would then, an optometrist be prohibited from having an office in a ten story professional building if his office is located on the second floor and the optical dispensary is located on the ground floor? Or would adjacent thereto be avoided if located on the top floor? Or, if he is already located in a building and the optical company moves in next door, must he then bear the expense of moving and forfeit his lease to avoid criminal prosecution and loss of his license? Does "adjacent to" mean the neighborhood? If so, how large is a neighborhood? Is he precluded from practicing in a small town because an optical dispensary is located there? Would this be such geographical proximity as to induce patronage to himself thereby if he is the only optometrist in town?

The Board intimates that these are questions which would be determined at any hearing concerning violation of the statute.

It is stated by the Board:

"The Board does not prejudge. It realizes in any action brought against Dr. Lawton under Senate Bill 173 the Board would bear the burden of proving that inducement does not in fact occur by his proximity to Lee Optical."

The Board relies on Williamson v. Lee Optical of Oklahoma, 348 U.S. 483, 491, 75 S.Ct. 461, 466, 99 L.Ed. 563 (1955), which stated:

"* * * Geographical location may be an important consideration in a legislative program which aims to raise the treatment of the human eye to a strictly professional level. We cannot say that the regulation has no rational relation to that objective and therefore is beyond constitutional bounds."

The United States Supreme Court, however, did not define a geographical location with any particularity and the case actually turned upon association between optometrists located inside the optician's dispensary and the possible conflict of interest created thereby. The statute in question is directed solely toward location, and before it could be valid it must define "adjacent to", "in such geographical proximity to" and "so as to induce patronage for himself thereby" with enough specificity so that men of common intelligence need not guess at their meaning.

Title 59 O.S.1971 § 594 cannot be reasonably construed so that an optometrist could select an office with complete assurance that he might not do so in possible violation of the statute.

In other connections or under other conditions the terms "adjacent to" and "in geographical proximity" might be definite enough, but they are not in a statute such as that under review which imposes criminal penalties. We agree with the United States Supreme Court in Connally v. General Construction Co., 269 U.S. 385, 395, 46 S.Ct. 126, 129, 70 L.Ed. 322, 328 (1926), where it stated:

"The result is that the application of the law depends not upon a word of fixed meaning in itself, or one made definite by statutory or judicial definition, or by the context or other legitimate aid to its construction, but upon the probably varying impressions of juries as to whether given areas are or are not to be included within particular localities. The constitutional guaranty of due process cannot be allowed to rest upon a support so equivocal."

Judgment affirmed.

All Justices concur.