**Hannibal K. SHADID and Joyce Shadid, d/b/a Poncho's Liquortown, Appellees,**

v.

**The OKLAHOMA ALCOHOLIC BEVERAGE CONTROL BOARD and Ernest J. Istook, as Director, Appellants.**

No. 54778.

Supreme Court of Oklahoma.

Jan. 12, 1982.

---

Jan Eric Cartwright, Atty. Gen., and Duane N. Rasmussen, Asst. Atty. Gen., Oklahoma City, for appellants.

Phil Lambert, Oklahoma City, for appellees.

HODGES, Justice.

The questions presented are whether: 1) a retail liquor store owner is permitted by the Okla.Const. art. 27 § 4,[1] and 37 O.S.1971 § 537(c)(6),[2] to cash a check which exceeds

---

1. The Okla.Const. art. 27 § 4 provides in pertinent part:

   "... No goods, wares or merchandise shall be sold and no services shall be rendered on the same premises on which alcoholic beverages are sold."

2. Title 37 O.S.1971 § 537(c)(6) states:

the purchase price of alcoholic beverages, and return the change to the customer; and 2) may the Oklahoma Alcoholic Beverage Control Board [ABC Board] and its director be enjoined from enforcing an Attorney General Opinion as a consequence of a declaratory judgment action.

Hannibal K. and Joyce Shadid, appellees, operate a family owned and operated liquor store, d/b/a Poncho's Liquortown. In the regular course of business they maintain their building; furnish a parking lot, sacks, bags, boxes, carry-out services, and push carts; accept checks in payment, make change; and provide displays, price cards and box boys.

In 1977, the Attorney General issued Op. No. 77–264 which determined that retail package store licensees may not accept customer checks for amounts in excess of the purchase price. The rationale was that to do so constituted a check cashing service prohibited by the Okla.Const. art. 27 § 4, or an inducement to purchase forbidden by 37 O.S.1971 § 537(c)(6). The Shadids filed a petition seeking a declaratory judgment and an injunction to prohibit enforcement of a portion of Op. No. 77–264 [3] by the ABC Board and Ernest J. Istook, Director, appellants, pending a determination of the issues in the action. A similar case was filed by David Samples, a retailer, and The Oklahoma Retail Liquor Association, concerning the same issues, which sought a permanent injunction. The two cases were consolidated. The trial court denied the ABC Board's motion for summary judgment and entered summary judgment in favor of the appellees. The trial court declared that the actions of the Shadids did not violate the statutory restriction against offering inducements, nor did it constitute a constitutionally prohibited rendering of services. A permanent injunction was issued in the companion case.

No person holding a package store license under this Act shall ... offer to furnish any prize, premium, gift or other similar inducement to a consumer in connection with the sale of alcoholic beverage.

**3.** The portion of Atty.Gen.Op.No. 77–264 sought to be enjoined provides:

## I

The appellants contend that because the word "service" is defined as a benefit or anything supplied for accommodation, the accepting a check for an amount in excess of the purchase is the furnishing of a service. We believe this definition is too restrictive in this instance. If this definition is carried to fruition, retail liquor store owners would be precluded from providing shopping carts, free packing, sacks, boxes, security guards and box boy services, or accepting a check for the exact amount, and ultimately, the customer could be forced to tender only exact cash payment.

We must agree with the trial court that the cashing of a check and return of change is an act in the normal course of business. Check cashing is not an inducement like "any prize, premium, gift or other similar inducement" to advertise or promote liquor sales, nor are special services being rendered. The constitutional and statutory restrictions were imposed to prevent open saloons and the sale of other goods in retail liquor package stores. Normal retail conveniences are not prohibited either by the Constitution or the statute.

## II

The appellants argue that a licensee of the ABC Board cannot enjoin Board enforcement of constitutional and statutory provisions when no provision for injunctive relief is statutorily provided or any irreparable injury can be shown. The Board contends neither is present. The Shadids sought relief, alleging that the Board threatened action against them if they continued the check cashing policy they had maintained in the ordinary course of business. It was asserted that action by the ABC Board would result in irreparable harm and damage.

"... retail package store licensees ... may not accept customer checks for amounts exceeding the amount of purchase, as the same are prohibited services within the purview of Article XXVII, Section 4 of the Oklahoma Constitution and 37 O.S.1971 § 537(c)(6)."

As a general rule, public officials will not be enjoined in the exercise of discretionary power. However, an injunction may be issued in a case of gross abuse of discretion if it appears that the action was taken for untenable reasons or to a clearly unreasonable extent.[4] A complainant must show that the illegal acts complained of will result in irreparable injury to himself before he can maintain an action to restrain a public officer or board.[5] The prevention by injunction of impending injury by unlawful official action is proper.[6]

The Declaratory Judgment Act, 12 O.S.1971 § 1655, provides that further relief may be granted whenever such relief becomes essential and proper after the determination of rights, status or legal relationship has been made. If consequential or incidental relief is properly alleged and sought, the court may, in a proper case, accord both declaratory, executory or coercive relief whenever the relief becomes necessary to effectuate the declaratory judgment.[7] We find that injunctive relief was proper consequential relief emanating from the declaratory judgment.

AFFIRMED.

IRWIN, C.J., BARNES, V.C.J., and LAVENDER, HARGRAVE and OPALA, JJ., concur.

SIMMS, J., dissents.

---

4.  *Hines v. Ind. Sch. Dist. No. 50 Grant County*, 380 P.2d 943, 946 (Okl.1963).

5.  *Brick v. City of Wichita*, 195 Kan. 206, 403 P.2d 964 (1965).

6.  *Work v. State of Louisiana*, 269 U.S. 250, 46 S.Ct. 92, 70 L.Ed. 259 (1925).

7.  *Peters v. Hobby*, 349 U.S. 331, 75 S.Ct. 790, 99 L.Ed. 1129 (1955); *Oklahoma Alcoholic Beverage Control Board v. Central Liquor Co.*, 421 P.2d 244, 247 (Okl.1966).