2009 OK 73

STATE of Oklahoma ex rel., OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM, Plaintiff/Appellant

v.

CITY OF SPENCER, Oklahoma, and Nicole Mukes, City Manager of the City of Spencer in her official capacity, and Ronald Cummings, an individual, Defendants/Appellees.

No. 104,863.

Supreme Court of Oklahoma.

Sept. 29, 2009.

Rehearing Denied June 21, 2010.

Marc Edwards, Robert N. Sheets, Phillips McFall McCaffrey McVay & Murrah, P.C., Oklahoma City, OK, for Appellant/Petitioner.

Ted Pool, Raymond A. Vincent, Pool Blankenship & Vincent, Oklahoma City, OK, for Appellee.[1]

OPALA, J.

¶1 The issue presented is whether the Court of Civil Appeals (COCA) erred when it affirmed the trial court's summary adjudication that denied the Oklahoma Firefighters Pension and Retirement System's request that the City of Spencer be ordered to terminate the employment of its recently-hired fire chief who was simultaneously declared to be ineligible for membership in the pension system. We answer in the affirmative.

## I.

### ANATOMY OF THE LITIGATION

¶2 Nicole Mukes, in her capacity as City Manager for the City of Spencer, hired Ronald Cummings to serve as the City's fire chief. Mukes, the City of Spencer, and Cummings may be referenced individually but are collectively to be known as "City" or defendants. Cummings, who was forty-nine (49) years old at the time, sought admission to the Oklahoma Firefighters Pension and Retirement System (System). Because of his age and lack of previous creditable service to the System, it determined Cummings was not then nor could he now become eligible for retirement at the age of sixty-five (65) as required by the terms of 11 O.S.2001 § 49–135.[2] The System filed an amended petition[3]

---

1. Identified herein are only those counsel for the parties whose names appear on the certiorari briefs.

2. The terms of 11 O.S.2001 § 49–135 provide:
 No person shall be employed in a fire department who has reached the age of forty-five (45) years, unless it appears he shall become eligible for retirement at the age of sixty-five (65) years, or unless he be retired from a municipal fire department in the State of Oklahoma. This section shall not apply to professional engineers, or to persons employed as technical specialists on a temporary basis. The State Board shall be authorized to establish the maximum age, within the limits herein prescribed, over which an applicant may not be consid-

ered for initial employment, but no person shall be prohibited from making application for reemployment and having such reemployment application considered merely because of his age, provided that such person be under the age of forty-five (45) years, and provided further, that such reemployment shall be with the consent of the fire chief of such municipality.
The terms of 11 O.S. Supp.2003 § 49–100.1(6) provide:
6. "Member" means all eligible firefighters of a participating municipality or a fire protection district who perform the essential functions of fire suppression, prevention, and life safety duties in a fire department. The term "member" shall include but not be limited to

seeking declaratory relief[4] (1) alleging that Cummings was ineligible for membership in the System and hence not permitted to serve as fire chief and (2) requesting the court to issue an order to remove him from this position.[5] The System filed a motion for summary judgment, and the City filed a countermotion for the same relief. The trial court denied the City's motion. It granted the System's motion to the extent it determined the City violated the terms of § 49–135[6] when it hired Cummings because he was ineligible to become a member of the System. It denied the System's request for an order directing that the City terminate Cummings'

employment because, according to the trial judge, the latter's age was not a public-safety factor.[7] The System appealed. COCA affirmed the trial court's ruling. The System sought certiorari.

## II.

## THE COURT'S DISPOSITION OF THE ISSUES PRESSED ON CERTIORARI

¶ 3 During the pendency of certiorari, circumstances pertinent to the case scenario changed. The City gave notice that Cummings was no longer employed by the City of

---

the person serving as fire chief of any participating municipality, provided that a person serving as fire chief of a participating municipality shall meet the age, agility, physical and other eligibility requirements required by law at the time said person becomes a member of the System. * * *

The terms of OAC 270:10–1–8(f) 2 provide:

All firefighters must be members of the System if their employer is a participating municipality in the System.

Neither party disputes that the City of Spencer is a participating municipality in the System nor that Cummings cannot become eligible for retirement in the System in accordance with the § 49–135 terms. The City's response and countermotion was primarily bottomed on the terms of the state and federal anti-discrimination employment statutes, *infra* note 7.

3. In 2005 the System filed it original petition seeking a declaration of relief against Mukes and the City of Spencer. The trial judge gave summary judgment to the System, finding Cummings was ineligible to become a member of the pension system. It denied the System's request that the City order Cummings' employment termination. The System appealed. COCA ruled Cummings was an indispensable party and reversed and remanded the cause to the trial court. The System added Cummings as a defendant and filed its amended petition in 2007.

4. The terms of 11 O.S. Supp.2006 § 49–100.7, effective 1 July 2006, gave the System authority to bring actions for declaratory relief in the district court to enforce state law. The pertinent terms provide:

 * * *

 G. The State Board [Firefighters Pension and Retirement Board] shall take all necessary action upon applications for pensions, disability benefits, refund of accumulated contributions and shall take action on all other matters deemed necessary by the State Board, including bringing actions for declaratory relief in

the district courts in the state to enforce the provisions of applicable state law.

5. The System requested the district court exercise its power in accordance with the terms of 12 O.S. Supp.2004 § 1651 *et seq.*, the Oklahoma Declaratory Judgments Act. The § 1655 terms provide:

 Further relief based upon a determination of rights, status, or other legal relations may be granted whenever such relief becomes necessary and proper after the determination has been made. Application may be made by petition to any court having jurisdiction for an order directed to any party or parties whose rights have been determined to show cause why the further relief should not be granted forthwith, upon reasonable notice prescribed by the court in its order.

6. See *supra* note 2 for the terms of 11 O.S.2001 § 49–135.

7. According to the City, although Cummings may not be eligible to be a member of the System, he is qualified to serve as fire chief. It urges his age is not a *bona fide* qualification for employment as fire chief. To have failed to hire or to remove him from this position would violate the terms of Oklahoma's Discrimination in Employment Act, 25 O.S. § 1302(A), may violate the Age Discrimination in Employment Act, 29 U.S.C. § 630 *et seq.*, and may subject the City of Spencer and Mukes to a lawsuit. The City further urged: (1) there was no express statutory authority on which the district court may bottom an order for the City to terminate Cummings' employment (2) a district court order requiring the City to terminate Cummings' employment would be in violation of the doctrine of separation of governmental powers and (3) the System's argument—the terms of Title 11 control over the state's general anti-discrimination employment statute—is inapplicable here because the issue deals with fundamental human rights.

Spencer.[8] The court ordered the parties to show cause why the certiorari petition should not be denied because the controversy over Cummings' status as fire chief became mooted by his employment's termination.[9] We granted certiorari to answer the questions posed for our review.

### A.

### Today's Cause Is Not Mooted Because Cummings Is No Longer Employed As Fire Chief By the City of Spencer

■■■ ¶4 We inquire first into the question of alleged mootness, i.e.—whether today's cause was mooted when the City gave notice that Cummings is no longer in its employ. Mootness is a state or condition which prevents the appellate court from rendering relief.[10] Where, as here, after an appeal has been commenced, conditions arise which preclude an appellate decision from affording any effective relief, the appeal will be dismissed for mootness.[11] A viable controversy must continue at all stages of review—both on appeal and certiorari.[12] It is a long-established rule that this court will not consume its time by deciding "abstract propositions of law" or moot issues.[13] The court may not reach these questions.[14] Oklahoma jurisprudence recognizes two exceptions to the mootness doctrine: (1) when the appeal presents a question of broad public interest and (2) when the challenged event is "capable of repetition, yet evading review." [15]

■■■ ¶5 Although the City was silent about the circumstances that effectuated the change in Cummings' employment as fire chief, we note that voluntary cessation of challenged conduct does not deprive a tribunal of its power to conduct appellate review.[16] Moreover, the initial issue presented today—dealing with the enforcement or violation of a statute—clearly presents an important question of public interest. All aspects of the firefighter's pension and his participation in the retirement system, including eligibility

---

8. On the same day the System filed its response brief, the City gave notice of a material change in circumstance—that Cummings was no longer employed by the City either as fire chief or in another capacity. No further information was provided.

 We further note that Nicole Mukes is no longer City Manager for the City of Spencer. City's supplemental brief, p. 2.

9. The City did not respond to this order.

10. *Park View Hosp. Trust Authority v. State ex rel. Oklahoma Dept. of Labor*, 1996 OK 108, ¶5, 925 P.2d 541, 545 (Opala, J., concurring in judgment) (citing *Morton v. Adair County Excise Bd.*, 1989 OK 174, ¶9–10, 780 P.2d 707, 711; *Rogers v. Excise Board of Greer Co.*, 1984 OK 95, ¶15, 701 P.2d 754, 761).

11. *Park View Hosp., supra* note 10, at ¶5, at 545.

12. *Park View Hosp., supra* note 10, at ¶5, at 545.

13. *American Ins. Ass'n v. State Indus. Com'n*, 1987 OK 107, ¶6, 745 P.2d 737, 739. As a general rule, an action will be dismissed if an issue is or has become moot. A case is moot when the issue sought to be resolved is no longer part of a lively "case or controversy" between antagonistic demands. *American Ins. Ass'n, supra*

14. *American Ins., supra* note 13, at ¶6, at 739 (citing *Greer County Election Board v. Elliott*, 1910 OK 183, ¶¶2–3, 109 P. 731, 732, 26 Okl.

546; *Webb v. Oklahoma Gas & Electric Co.*, 1923 OK 65, ¶¶2–3, 211 P. 932, 932, 88 Okl. 183; *Goldsmith v. City of Ardmore*, 1929 OK 124, ¶6, 277 P. 230, 231, 136 Okl. 201; *Maxwell v. City of Tulsa*, 1930 OK 445, ¶¶3–4, 292 P. 66, 66, 145 Okl. 155; *Westgate Oil Co. v. Refiners Production Co.*, 1935 OK 548, ¶¶8–10, 44 P.2d 993, 994, 172 Okl. 260; *Christensen v. Quality Oil Co.*, 1951 OK 259, ¶¶3–4, 236 P.2d 673, 673, 205 Okl. 212; *Dutton v. City of Oklahoma City*, 1953 OK 78, ¶4, 254 P.2d 995, 995, 208 Okl. 208; *Duncan v. Sims*, 1954 OK 330, ¶¶3–4, 277 P.2d 145, 146; *Post v. Kingdom Hall of Jehovah's Witnesses*, 1955 OK 127, ¶3, 283 P.2d 528, 529; and *Lawrence v. Cleveland County Home Loan Auth.*, 1981 OK 28, ¶7–9, 626 P.2d 314, 315–16).

15. The latter is often termed the likelihood-of-recurrence exception. *Lawrence, supra* note 14, at ¶¶7–9, at 315–16; *Payne v. Jones*, 1944 OK 86, ¶¶3–5, 146 P.2d 113, 116–17, 193 Okl. 609; *Peppers Refining Co. v. Corporation Commission*, 1947 OK 128, ¶4, 179 P.2d 899, 901, 198 Okl. 451

16. Voluntary cessation of allegedly illegal conduct does not moot a claim. A claim may be mooted where subsequent events make it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur. *U.S. v. Concentrated Phosphate Export Ass'n*, 393 U.S. 199, 203, 89 S.Ct. 361, 365, 21 L.Ed.2d 344 (1968) (citing *United States v. W.T. Grant Co.*, 345 U.S. 629, 632, 73 S.Ct. 894, 897, 97 L.Ed. 1303 (1953)).

for participation in the system, are of substantial interest to the state.[17] The controversy here, likewise, meets the second exception to the mootness doctrine—known as the likelihood-of-recurrence exception.[18] It is a reasonable probability that the System—as that entity ultimately responsible for the administration of pensions—will again be required to seek relief from recurrence of the challenged departure. Today's certiorari is hence not mooted by Cummings' absence from his employment as fire chief for the City of Spencer.

## B.

### The District Court Possessed Authority to Order the City to Terminate Cummings' Employment as Fire Chief

 ¶ 6 We turn now to the initial issue pressed on certiorari—whether COCA erred when it affirmed the trial court's ruling that the latter "did not abuse its discretion" in denying the System its requested relief of ordering the City to terminate Cummings' employment.[19]

### COCA's Opinion and the System's Certiorari Arguments

¶ 7 COCA ruled the trial court (1) properly declared the City's employment of Cummings as fire chief to be in violation of the maximum-age requirement in a fire department, as provided by the terms of § 49–135,[20] and that he is ineligible to be a System member and (2) did not abuse its discretion in denying the System the relief it requested by ordering the City to terminate Cummings' employment. According to COCA, the System's interest was satisfied when it obtained a declaration that Cummings was ineligible for admission to the pension system. Further, the legislature provided no remedy for a violation of the § 49–135[21] terms. COCA contrasted the lack of a statutory remedy for § 49–135 with the express relief provided for a violation of the provisions of § 49–138 through § 49–142[22] (whose terms deal with

17. "All aspects of the administration and operation of the statewide Oklahoma Police Pension and Retirement System ... are matters of substantial interest to the state, and the System is not subject to the control of the individual participating municipalities." *In re City of Durant*, 2002, OK 52, ¶ 21, 50 P.3d 218, 222. In *City of Durant* the court ruled a police officer discharged by the city manager was entitled to a review of this decision by a municipal board of review board in accordance with the terms of 11 O.S.1991 50–123.

18. A two-prong test delineates when the second exception—capable of repetition yet evading review—is applicable. A case is not mooted when "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration; and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Weinstein v. Bradford*, 423 U.S. 147, 149, 96 S.Ct. 347, 349, 46 L.Ed.2d 350 (per curiam). The second prong of this test requires a "reasonable expectation" or a "demonstrated probability" that the same controversy will recur dealing with the same complaining party. *Murphy v. Hunt*, 455 U.S. 478, 482, 102 S.Ct. 1181, 1184, 71 L.Ed.2d 353 (1982) (per curiam)(citing *Weinstein, supra* ).

19. Under the Oklahoma Declaratory Judgments Act, any determination made by a competent court is reviewable in the same manner as other judgments. 12 O.S.2001 § 1654 *Oklahoma City Zoological Trust v. State ex rel. Public Employees*, 2007 OK 21, ¶ 5, 158 P.3d 461, 463–64. A re-

view of the record is made to determine if the trial court abused its discretion in construing the statute in the manner in which it did or its decision is contrary to the evidence adduced. *Zoological Trust, supra*, at ¶ 5, at 464.

20. For the terms of 11 O.S.2001 § 49–135 see *supra note 2*.

21. COCA found no express statutory authority upon which the System could bottom its request to require the City to terminate Cummings' employment. It expressed no opinion on whether other officials could seek such relief. COCA opinion, p. 6.

22. Section 49–142 provides a remedy where a municipality has failed to apply creditable military service tenure to a firefighter's pension-system accruals. The text of § 49–142 provides:

In case a municipality, or official thereof, refuses to comply with the provisions of Sections 11–49–138 through 11–49–142 of this title, then any person entitled to the benefits hereof may file a petition in the Oklahoma County district court, without cost deposit, to specifically require such municipality, or official thereof, to comply with said provisions, and, as incident thereto, to compensate said person for any loss of wages or benefits suffered by such refusal. The court shall order a speedy hearing in any such case and shall advance it on the calendar. Upon application to the Oklahoma District Attorney by any person claiming

the crediting of military service to a firefighter's pension). According to COCA, no authority is present in the § 49–135 terms that would allow the System to require the City to terminate Cummings' employment as fire chief.

¶ 8 Lastly, although at nisi prius the City's response and counter-motion was bottomed on invidious age discrimination and its consequent legal position should it be ordered to terminate Cummings,[23] the trial judge found Cummings' age was not a public-safety factor and refused to order his employment's termination. Because neither the City nor Cummings appealed from the district court's decision, and the System merely responded to this argument below, COCA correctly ruled that this issue was not preserved for review.[24] COCA's conclusion draws added strength from the City's and Cummings' failure to seek certiorari review of COCA's refusal to consider age discrimination as an issue on appeal. COCA's position meets with our approval. Age discrimination will hence not be addressed by today's opinion.

to be entitled to the benefits of the provisions hereof, such District Attorney, if reasonably satisfied that the person so applying is entitled to such benefits, shall appear and act as attorney for such person in the amicable adjustment of the claim or in the filing of the petition and the prosecution thereof. The action in the district court shall be brought within ninety (90) days from the date of the refusal of the municipality, or its representative, to comply with the provisions of this act. No fees or court costs shall be taxed against the person so applying.

23. For a more complete explanation of the City's defense, see *supra* note 7.

24. COCA ruled the System's argument—that the district court erred when it did not order the City to terminate Cummings' employment because his age was not a public-safety matter—had not been preserved for review. This was so because although the City raised the possibility of becoming subject to a lawsuit by Cummings under the terms of 29 U.S.C. § 630 *et seq.*, the System merely responded to this argument. The latter did not raise the issue of public safety as a basis for Cummings' employment termination, and neither the City of Spencer nor Cummings appealed from the district court's order. The City further urged this issue and arguments—dealing with the terms of state and federal age discrimination employment statutes—in its certiorari materials. Because the issue was not preserved for

¶ 9 COCA's ruling, according to the System, poses a challenge to its authority to enforce the governing statutes. It urges (1) COCA erred in concluding there is no statutory authority on which to bottom the System's request to require the City to terminate Cummings' employment and (2) the district court has the authority to grant the relief sought under the authority of the Declaratory Judgments Act, 12 O.S. § 1651 *et seq.*[25]

**The Court's Analysis**

¶ 10 We disagree with COCA's ruling. The System's interest is not satisfied by the nisi prius declaration that Cummings was ineligible for System membership. Neither does the district court lack the authority to grant the relief requested by the System.

¶ 11 The System is a corporate body and instrumentality of the state.[26] Its Board is responsible for the policies and rules for the administration of the System and for the transaction of its business in accordance with state law.[27] Its fiduciary duties are not limited to shielding the financial assets of the

appellate review, we, like COCA, do not address it here. For more information concerning the City's arguments, see *supra* note 7.

25. For the pertinent terms of 12 O.S. § 1651 see notes 5 and 41.

26. The terms of 11 O.S. Supp.2002 § 49–100.2 provide:

There is created the Oklahoma Firefighters Pension and Retirement System which shall be a body corporate and an instrumentality of this state. The System shall be vested with the powers and duties specified in this article and such other powers as may be necessary to enable it and its officers and employees to carry out fully and effectively the purposes and intent of this article. * * *

27. The pertinent terms of 11 O.S. Supp.2006 § 49–100.7 provide:

A. The State Board shall be responsible for the policies and rules for the general administration of the System, subject to the provisions of this article.
B. The State Board shall establish rules and regulations for the administration of the System and for the transaction of its business consistent with law, which rules and regulations shall be filed with the Secretary of State. * * *

System, but extend as well to "all other matters" [28] including bringing actions for declaratory relief to enforce the provisions of applicable state law. A firefighter's membership in the System is a precondition to employment when the municipality is a participating member.[29] The City of Spencer is a participating member in the System. It is the System's responsibility to seek enforcement of the mandatory employment condition.

¶ 12 The fundamental rule of statutory construction is to ascertain and give effect to legislative intent.[30] That intent is first divined from the language of a statute.[31] If a statute is plain and unambiguous, it will not be subjected to judicial construction, but will receive the effect its language dictates.[32] Only where the intent cannot be ascertained from a statute's text, as when ambiguity or conflict (with other statutes) is shown to exist, may rules of statutory construction be invoked.[33]

¶ 13 COCA's view—that there exists no express statutory remedy upon which the System may rely for relief—is incorrect. Its analogy—that contrasts the provision of an express remedy in the § 49–142 terms with the lack of one in § 49–135—is neither indicative of the legislature's failure to provide a remedy for the latter's terms nor of its intent to do so. The System correctly notes the right of action provided in § 49–142 applies

to an *individual* who may be entitled to apply military-service credits to his firefighter's pension. Its terms have no application to any action that may be sought by the System here.

¶ 14 There exists neither ambiguity nor conflict here. The System has full statutory authority to bring in the district court actions for declaratory relief to enforce the provisions of applicable state law under its administration. This authority is bottomed on the terms of 11 O.S. Supp.2006 § 49–100.7(G).[34] It is further reflected in 11 O.S. Supp.2006 § 49–118.[35] All firefighters must be members of the System if their employer is a participating municipality.[36] The City of Spencer is a participating municipality. The terms of § 49–100.1(6) define a System "member" to include an individual who serves as fire chief. The latter "shall meet the age, agility, physical and *other eligibility requirements* required by law at the time ...."[37] (emphasis supplied) Because the City of Spencer is a participating member in the System, all of its firefighters must be members of the System, including its fire chief.[38] The System is granted explicit authority in the provisions of § 49–100.7(G) and § 49–118 to seek enforcement of the law's terms.

¶ 15 Declaratory relief is by nature remedial.[39] Oklahoma's Declaratory

---

**28.** For the terms of § 49–100.7(G) see *supra* note 4.

**29.** For the pertinent provisions related to System membership this see *supra* note 2.

**30.** *Yocum v. Greenbriar Nursing Home*, 2005 OK 27, ¶ 9, 130 P.3d 213, 219; *Cooper v. State ex rel. Dep't. of Public Safety*, 1996 OK 49, ¶ 10, 917 P.2d 466, 468.

**31.** *Yocum, supra* note 30, at ¶ 9, at 219; *Nealis v. Baird*, 1999 OK 98, ¶ 55, 996 P.2d 438, 460; *TXO Production Corp. v. Okla. Corp. Com'n*, 1992 OK 39, ¶ 7, 829 P.2d 964, 969.

**32.** *Yocum, supra* note 30, at ¶ 9, at 219; *Ross v. Peters*, 1993 OK 8, ¶ 9, n. 17, 846 P.2d 1107, 1119, n. 17; *TRW/Reda Pump v. Brewington*, 1992 OK 31, ¶ 5, 829 P.2d 15, 20.

**33.** *Yocum, supra* note 30, at ¶ 9, at 219; *Cox v. Dawson*, 1996 OK 11, ¶ 6, 911 P.2d 272, 276.

**34.** For the text of § 49–100.7(G) terms see *supra* note 4.

**35.** The relevant portion of 11 O.S. Supp.2006 § 49–118 provides:

> The State Board shall, in addition to other powers herein granted, have power, to wit:
> * * *
> 4. To bring any action for declaratory relief in the district courts in the state to enforce any provisions of this article or any other applicable state statute.

**36.** For the terms of OAC 270:10–1–8(f) 2 see *supra* note 2.

**37.** For the terms of § 49–100.1(6) see *supra* note 2.

**38.** For the terms of OAC 270:10–1–8(f) 2, see *supra* note 2.

Judgments Act, 12 O.S.2001 § 1651 *et seq.*, is patterned on the Uniform Declaratory Judgments Act.[40] Its statutory terms provide the district courts broad discretion to fashion both legal and equitable relief.[41] Once a determination of rights, status or legal relationship has been made "further relief" may be granted "whenever such relief becomes necessary and proper."[42] The act is to be liberally construed to effectuate its objective.[43] Where incidental or consequential relief is sought, the court may accord declaratory, executory or coercive relief to effectuate the declaratory judgment.[44]

¶ 16 The trial court ruled the City hired Cummings in violation of the maximum-age restrictions for employment in a fire department prescribed by the terms of § 49–135. The System requested an order that the City terminate the fire chief's employment. Its request seeks proper and necessary declaratory relief in accordance with the terms of § 1655. The System petitioned for relief in accordance with these terms. It was error for the district court to deny the System the relief it requested.

### III.

### SUMMARY

¶ 17 We hold the Court of Civil Appeals erred when it affirmed the trial judge's summary judgment. The Firefighters Pension and Retirement System's request for an order that the City of Spencer terminate the employment of an individual who was not statutorily qualified to serve as fire chief based on the terms of 11 O.S.2001 § 49–135 was a proper quest for relief under Oklahoma's Declaratory Judgments Act, 12 O.S. Supp.2004 §§ 1651 *et seq.*

¶ 18 The Court of Civil Appeals' opinion is vacated and the trial judge's decision is reversed in part. The cause stands remanded for proceedings not inconsistent with today's pronouncement.

¶ 19 EDMONDSON, C.J., TAYLOR, V.C.J., HARGRAVE, OPALA, KAUGER and REIF, J., concur.

¶ 20 COLBERT, J., concurs in part and dissents in part.

¶ 21 WATT and WINCHESTER, JJ., dissent.

¶ 22 KAUGER, J., with whom REIF, J., joins, concurring

¶ 23 Whether a person who is over 45 years of age may waive retirement benefits in order to qualify for service as a volunteer firefighter is a question neither preserved for review nor reached by today's opinion.

39. *Conoco, Inc. v. State Dept. of Health of State of Okl.*, 1982 OK 94, ¶ 18, 651 P.2d 125, 131.

40. *Oklahoma Alcoholic Beverage Control Board v. Central Liquor Co.*, 1966 OK 243, ¶ 9, 421 P.2d 244, 247.

41. For the terms of 12 O.S. Supp.2004 § 1651 provide:

> District courts may, in cases of actual controversy, determine rights, status, or other legal relations, including but not limited to a determination of the construction or validity of any foreign judgment or decree, deed, contract, trust, or other instrument or agreement or of any statute, municipal ordinance, or other governmental regulation, whether or not other relief is or could be claimed, except that no declaration shall be made concerning liability or nonliability for damages on account of alleged tortious injuries to persons or to property either before or after judgment or for compensation alleged to be due under workers' compensation laws for injuries to persons. * * *

42. For the terms of § 1655 see *supra* note 5.

43. *State ex rel. Board. of Examiners in Optometry v. Lawton*, 1974 OK 69, ¶ 8, 523 P.2d 1064, 1066.

44. *Shadid v. Oklahoma Alcoholic Beverage Control Bd.*, 1982 OK 3, ¶ 8, 639 P.2d 1239, 1242 (citing *Peters v. Hobby*, 349 U.S. 331, 75 S.Ct. 790, 99 L.Ed. 1129 (1955); *Central Liquor Co., supra* note 40, ¶ 9, at 247). The court held an injunction was proper consequential relief emanating from the declaratory judgment. *Shadid, supra* To require a construction company to install a sprinkler system, following the determination that the lower-level of an apartment house was not a basement and should be considered as a story, was fair and equitable relief. *Seventeen Hundred Peoria, Inc. v. City of Tulsa*, 1966 OK 155, ¶¶ 18–21, 422 P.2d 840, 844.