OSCN Found Document:Question Submitted by: The Honorable Marty Quinn, State Representative, District 9

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 Court Dockets

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 Question Submitted by: The Honorable Marty Quinn, State Representative, District 9
2014 OK AG 3
Decided: 02/19/2014
Oklahoma Attorney General Opinions
Cite as: 2014 OK AG 3, __ __

 

¶0 This office has received your request for an official Attorney General 
Opinion in which you ask, in effect, the following question:
May a private 
investigator lawfully carry a firearm into a state courthouse or other state 
public building in the State of Oklahoma when acting in the course and scope of 
employment?
I.
Introduction
¶1 The answer to your question requires a two-step inquiry. First, we must 
identify the legal foundations for a private investigator to carry a firearm in 
the State of Oklahoma. Having determined these legal bases, we can then turn to 
an examination of what limitations attend each grant of firearms authority a 
private investigator might possess. These discussions follow in sequence. 

II.
The Oklahoma Legislature Has Provided Three Sources of Authority for a 
Private Investigator to Carry a Firearm.
A. Carrying a Firearm in Oklahoma
¶2 Upon gaining independence from Great Britain, the Founders amended the 
United States Constitution to "expressly protect" fundamental rights against 
interference by the federal government. McDonald v. City of Chic., Ill., 
____ U.S. ____, 130 S. Ct. 3020, 3066 (2010). "Consistent with their English 
heritage, the founding generation generally did not consider many of the rights 
identified in these amendments as new entitlements, but as inalienable rights of 
all men, given legal effect by their codification in the Constitution's text." 
Id. Among these inalienable, natural rights was the right to keep and 
bear arms, which, by the time of the founding, "had become fundamental for 
English subjects." D.C. v. Heller, 554 U.S. 570, 593 (2008).
¶3 To protect the natural, inalienable right to keep and bear arms, the 
Founders devised the Second Amendment, which provides: "A well regulated 
Militia, being necessary to the security of a free State, the right of the 
people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. In 
Heller, the United States Supreme Court acknowledged the natural right to 
keep and bear arms, holding that the Second Amendment, "like the First and 
Fourth Amendments, codified a pre-existing right." Heller, 
554 
U.S. at 592. Moreover, the Court held that "[t]he very text of the Second Amendment 
implicitly recognizes the pre-existence of the right and declares only that it 
'shall not be infringed.'" Id. Most strikingly, the Court observed that 
the Second Amendment "'is not a right granted by the Constitution. Neither 
is it in any manner dependent upon that instrument for its existence.'" 
Id. (citing United States v. Cruikshank, 92 U.S. 
542, 
553 (1876)) (emphasis added).
¶4 To protect the established, natural right of the people to keep and bear 
arms, the Oklahoma Constitution provides that "[t]he right of a citizen to keep 
and bear arms in defense of his home, person, or property, or in aid of the 
civil power, when thereunto legally summoned, shall never be prohibited; but 
nothing herein contained shall prevent the Legislature from regulating the 
carrying of weapons." Okla. Const. art. II, § 26. The Oklahoma Legislature, in 
keeping with its express, constitutional role, has promulgated multiple statutes 
to regulate the carrying of firearms in Oklahoma. Chief among these is Section 
1272(A) of Title 21, which reads:


It shall be unlawful for any person to carry upon or about his or her person, 
or in a purse or other container belonging to the person, any pistol, revolver, 
shotgun or rifle whether loaded or unloaded . . . whether such weapon be 
concealed or unconcealed, except this section shall not prohibit:
1. The proper use of guns and knives for hunting, fishing, educational or 
recreational purposes;
2. The carrying or use of weapons in a manner otherwise permitted by statute 
or authorized by the Oklahoma Self-Defense Act;
3. The carrying, possession and use of any weapon by a peace officer or other 
person authorized by law to carry a weapon in the performance of official duties 
and in compliance with the rules of the employing agency;
4. The carrying or use of weapons in a courthouse by a district judge, 
associate district judge or special district judge within this state, who is in 
possession of a valid handgun license issued pursuant to the provisions of the 
Oklahoma Self-Defense Act and whose name appears on a list maintained by the 
Administrative Director of the Courts; or
5. The carrying and use of firearms and other weapons provided in this 
subsection when used for the purpose of living history reenactment. For purposes 
of this paragraph, "living history reenactment" means depiction of historical 
characters, scenes, historical life or events for entertainment, education, or 
historical documentation through the wearing or use of period, historical, 
antique or vintage clothing, accessories, firearms, weapons, and other 
implements of the historical period.
21 O.S.Supp.2013, § 
1272(A).
¶5 Notably, Section 1272(A) bears numerous exceptions that allow a citizen to 
carry a firearm on the citizen's person. See id. In fact, since 1996, the 
Legislature has codified various amendments to the statute for the obvious 
purpose of allowing Oklahoma citizens to maximize the enjoyment of their 
constitutional right to bear arms.[1] As an example, for a citizen serving as a private 
investigator, no less than three separate licenses allow that 
investigator to qualify for the exception allowing for the carrying of a firearm 
"in a manner otherwise permitted by statute or authorized by the Oklahoma 
Self-Defense Act[.]" Id. § 1272(A)(2). A description of these three 
licenses, and the authority they carry, follows below.
B. Authority By Which a Private Investigator May Carry a Firearm
¶6 The Oklahoma Security Guard and Private Investigator Act ("Act") 
prescribes the qualifications and standards for security guards and private 
investigators in Oklahoma. 59 O.S.2011 & Supp.2013, §§ 
1750.1 - 1750.14. Further, the Act empowers the Council on Law Enforcement 
Education and Training ("CLEET") to issue licenses and identification cards for 
those meeting the Act's requirements. 59 O.S.2011, § 1750.3(B)(7). Under Oklahoma 
law, "no person may be employed or operate" as either a security guard[2] or a private 
investigator[3] until CLEET has issued the person a license pursuant to 
the Act. Id. § 1750.4. Since November 1, 2013, the Oklahoma Legislature 
has empowered CLEET to issue nine separate licenses under the Act, including the 
unarmed private investigator license, the armed private investigator license, 
and the armed security guard license. 2013 Okla. Sess. Laws ch. 407, § 29(A) 
(amending 59 O.S.2011, § 
1750.5(A)).
1. Unarmed Private Investigator Carrying a Firearm Under an Oklahoma 
Self-Defense Act License
¶7 The most basic license available to an Oklahoma private investigator under 
the Act is the unarmed private investigator license. 59 O.S.Supp.2013, § 1750.5(A)(3). Standing alone, 
this license grants the licensee absolutely no right to carry a firearm. Even 
so, for persons seeking only an unarmed private investigator license, the 
Oklahoma Self-Defense Act ("OSDA") provides a separate, distinct avenue to 
lawfully carry a firearm. In fact, the OSDA authorizes any "eligible person"[4] to whom a handgun license 
is issued "to carry a loaded or unloaded handgun, concealed 
or unconcealed." 21 O.S.Supp.2013, § 1290.5(A) (emphasis added). To 
become eligible for an OSDA license, an unarmed private investigator need only: 
(1) be a citizen; (2) establish Oklahoma residency; (3) "[b]e at least 
twenty-one (21) years of age;" and (4) "[c]omplete a firearms safety and 
training course." Id. § 1290.9. Additionally, an OSDA license applicant 
must not possess any disqualifying criminal history or mental "conditions" 
specified in the OSDA. 21 O.S.2011, § 1290.10.
2. Armed Private Investigator License
¶8 For private investigators seeking to maximize their authority to carry a 
firearm, the Act authorizes the issuance of the "Armed Private Investigator 
License." 59 O.S.Supp.2013, § 
1750.5(A)(7). To qualify for the armed private investigator license, an 
applicant must meet age, citizenship, moral character, and criminal background 
standards, while also successfully completing "Phase I, III and IV training," a 
"psychological examination," a "state test," and training requirements developed 
by CLEET. Id. § 1750.5(C)(2), (H). Among other requirements, CLEET 
expressly requires all applicants for the armed private investigator license to 
"[s]uccessfully complete the firearms phase of private security training[.]" OAC 
390:35-5-2(b)(2) (2011).
¶9 Once an applicant has met all prerequisites, "[i]f the private 
investigator performs no functions of an armed security guard, [CLEET] may issue 
an armed private investigator license." 59 O.S.Supp.2013, § 1750.5(C)(2). Then, upon receipt 
of the armed private investigator license, the license holder "may carry a 
concealed or unconcealed firearm when on and off duty, provided the 
person is in possession of a valid driver license and a valid armed private 
investigator license." Id. § 1750.5(C)(3) (emphasis added). This right to 
carry, however, is subject to the respective provisions of the Act and "the 
rules promulgated by [CLEET]." Id. § 1750.5(D). 
3. Unarmed Private Investigator Carrying a Firearm Under the Authority of an 
Armed Security Guard License
¶10 The Oklahoma Security Guard and Private Investigator Act also accords 
consideration for those private investigators engaging in the armed security 
industry. For those individuals, the Act allows, "[a] private investigator 
may carry a firearm, if the private investigator also performs the 
functions of an armed security guard, under the authority of the armed security 
guard license." 59 O.S.Supp.2013, § 
1750.5(C)(1) (emphasis added). The standards for applicants seeking the armed 
security guard license mirror those for the armed private investigator. 
See id. § 1750.5(H). Moreover, the right of an armed security 
guard to carry is similarly subject to provisions of the Act and "the rules 
promulgated by [CLEET]." Id. § 1750.5(D).
III.
Restrictions Exist on When and Where Private Investigators May Carry Firearms 
in Oklahoma.
¶11 In your question, you inquire both as to where a private 
investigator may carry a firearm and when a private investigator 
may do so. Each of the three licenses mentioned above is distinct, and each 
carries its own scope of firearms authority. Therefore, to fully respond to your 
request, we must examine where and when a private investigator may carry a 
firearm under each license available. In each instance, our analysis begins with 
the Oklahoma statutes.
A. Legislative Intent
¶12 Under Oklahoma canons of construction, "[l]egislative intent governs 
statutory interpretation and this intent is generally ascertained from a 
statute's plain language." State ex rel. Dep't of Health v. Robertson, 
152 P.3d 875, 877-78 (Okla. 2006). If 
that language is "plain and unambiguous and its meaning clear" no further 
interpretation is necessary. TRW/Reda Pump v. Brewington, 
829 P.2d 15, 20 (Okla. 1992); see 
also Ledbetter v. Howard, 276 P.3d 1031, 1035 (Okla. 2012) ("If the [statutory] 
language is plain and clearly expresses the legislative will, further inquiry is 
unnecessary."). "If the statute is ambiguous or its meaning uncertain, it is to 
be given a reasonable construction, one that will avoid absurd consequences, if 
this can be done without violating legislative intent." Dean v. Multiple 
Injury Trust Fund, 145 P.3d 1097, 1101 (Okla. 2006) (citing TRW/Reda 
Pump, 829 P.2d at 20). At no time should it be presumed that the Legislature 
has "done a vain or useless act in the promulgation of a statute." State ex 
rel. Okla. Dep't of Pub. Safety v. Gurich, 238 P.3d 1, 7 (Okla. 2010).
B. Oklahoma Self-Defense Act License Holder
¶13 An unarmed private investigator licensee carrying a firearm pursuant to 
the OSDA may not carry a firearm into an Oklahoma state courthouse or public 
building, regardless of whether the investigator carries the weapon for personal 
use or in the course and scope of the investigator's duties. Stated plainly, the 
OSDA license itself bears no relation to the private investigator's profession. 
Rather, the OSDA license embodies the "citizens' right" to carry a firearm, and 
when an unarmed private investigator carries pursuant to an OSDA permit, the 
investigator does so with the same rights and restrictions as any other citizen. 

1. Carrying for Personal Use
¶14 When an unarmed private investigator licensee carries for personal use 
only, the Oklahoma Statutes clearly impose upon the private investigator a host 
of geographic prohibitions. These include: (1) all government owned or leased 
buildings where business is conducted with the public; (2) all prison, jail, and 
detention facilities; (3) any elementary or secondary school; (4) any sports 
arena during a sporting event; (5) any place where pari-mutuel wagering is 
authorized by law; and (6) any other place specifically prohibited by law. 
21 O.S.Supp.2013, § 
1277(A).[5] Based on these restrictions, an unarmed private 
investigator licensee in possession of an OSDA permit clearly may not carry a 
firearm for personal use into either a state courthouse or any other state 
building in Oklahoma. 
2. Carrying in the course and scope of duty
¶15 When an unarmed private investigator licensee in possession of an OSDA 
permit begins acting within the course and scope of the investigator's duties, 
the analysis into whether the investigator may carry a firearm into a state 
courthouse or public building complicates somewhat. Based on Section 1277(F)'s 
language that "[p]rivate investigators with a firearms authorization shall be 
exempt from this section when acting in the course and scope of employment," one 
could argue that unarmed private investigator licensees carrying a firearm 
pursuant to an OSDA license are exempted from the locational proscriptions of 
Title 21, Section 1277, so long as they do so in the course and scope of duty. 
The statutory history of Section 1277, however, dispels this argument. 
¶16 The Forty-Eighth Legislature inserted the provision "[p]rivate 
investigators with a firearms authorization shall be exempt from this 
section when acting in the course and scope of employment" into Title 21, 
Section 1277 through Senate Bill 434 of its First Regular Session. 2001 Okla. 
Sess. Laws ch. 396, § 2(E) (emphasis added). The same bill also amended Title 
21, Section 1272.1(A), dealing with carrying firearms where liquor is consumed, 
to read:


It shall be unlawful for any person to carry or possess any weapon designated 
in Section 1272 of this title in any establishment where low-point beer, as 
defined by Section 163.2 of Title 37 of the Oklahoma Statutes, or alcoholic 
beverages, as defined by Section 506 of Title 37 of the Oklahoma Statutes, are 
consumed. This provision shall not apply to a peace officer, as defined in 
Section 99 of this title, or to private investigators with a firearms 
authorization when acting in the scope and course of employment . . . 
.
. . . .
[However] [n]othing in this section shall be interpreted to authorize any 
private investigator with a firearms authorization in actual 
physical possession of a weapon to consume low-point beer or alcoholic beverages 
in any establishment where low-point beer or alcoholic beverages are 
consumed.
2001 Okla. Sess. Laws ch. 396, § 1(A) (emphasis added). In sum, through 
Senate Bill 434, the Legislature codified the term "firearms authorization" in 
three different locations. See 21 O.S.Supp.2013, §§ 1272.1, 1277(F). Yet, despite 
having introduced this new phrase into the Oklahoma Statutes, the Legislature 
did not define the term "firearms authorization." As a consequence, to determine 
whether "firearms authorization" could incorporate an unarmed private 
investigator carrying a firearm pursuant to an OSDA permit, we must establish 
what the Legislature's understanding of the term "firearms authorization" would 
have been during its 2001 Regular Session.
¶17 By 2001, the Oklahoma Security Guard and Private Investigator Act had 
been in existence for fifteen years. 1986 Okla. Sess. Laws ch. 224, §§ 1 - 12 
(codified at 59 O.S.Supp.1986, §§ 
1750.1 - 1750.12). As originally passed, the Act stated that "[a] private 
investigator may carry a firearm, if also licensed as an armed security guard." 
1986 Okla. Sess. Laws ch. 224, § 5(C) (codified at 59 O.S.Supp.1986, § 1750.5(C). Three years later, 
the Legislature amended the Act to provide:
¶18 A private investigator may carry a firearm, if said private investigator 
also performs the functions of an armed security guard, under the authority of 
the armed security guard license; or if said private investigator performs no 
functions of an armed security guard, the Council may add an endorsement to the 
license of the private investigator that states "Firearms 
Authorized", in lieu of the armed security guard license, provided the 
private investigator completes the same training and testing requirements of the 
armed security guard. The Council will charge the same fee for the 
"Firearms Authorized" endorsement on the private investigators 
license as the cost of the armed security guard license.
¶19 1989 Okla. Sess. Laws ch. 225, § 2(C) (emphasis added). At the time the 
Legislature considered and incorporated the exemption for "private investigators 
with a firearms authorization" into Title 21, Section 1277, this version 
remained in force. See 59 O.S.Supp.2000, § 1750.5(C). Furthermore, at the 
time the Legislature passed this exclusion, this was the only instance in the 
Oklahoma Statutes to discuss "firearms authorization" or "firearms authorized." 
Later, in 2007, the Legislature abandoned the term "firearm authorized" in favor 
of the less ambiguous "armed private investigator license." 2007 Okla. Sess. 
Laws ch. 360, § 3(C).
¶20 The CLEET rules available for review in 2001 communicated a similar 
understanding of "firearms authorized." Notably, the rules divided "[a]pplicants 
for Armed Security Guard" from "firearms authorized licenses." OAC 390:35-5-2(b) 
(2011). Moreover, CLEET rules clarified that "[l]icensed private investigators 
who wish to carry a firearm and perform[] no security guard functions, must 
obtain a 'firearms authorized'[] endorsement on the private investigator's 
license." OAC 390:35-5-8(a) (1999). Most importantly, despite the statutory 
shift in the Act's nomenclature from "firearms authorized" to "armed private 
investigator license," CLEET rules have yet to be amended. Therefore, while 
statutes now employ the term "armed private investigator license," the 
regulations providing the process for that license still refer to the license as 
a "firearms authorized endorsement." For purposes of the instant inquiry, we 
consider these terms to be transposable.
¶21 For the reasons detailed above, the Forty-Eighth Legislature would have 
understood "firearms authorization" to be synonymous with a private investigator 
holding a "firearms authorized" endorsement on that individual's private 
investigator license.[6] Accordingly, in 2001, when the Legislature excluded 
"[p]rivate investigators with a firearms authorization . . . when acting in the 
course and scope of employment"[7] from the location proscriptions of Title 21, Section 
1277, we conclude that the Legislature intended only to exempt private 
investigators with a firearms endorsement, or what is currently referred to as 
an armed private investigator license. Had the Legislature intended to exempt 
unarmed private investigators carrying pursuant to the OSDA from Title 21, 
Section 1277, they could have, as they specifically and repeatedly refer to 
those "in possession of a valid handgun license issued pursuant to the 
provisions of the Oklahoma Self-Defense Act" or "licensed pursuant to the 
Oklahoma Self-Defense Act" in other areas of the statute. Because "[t]he 
Legislature is not presumed to have done a vain or useless act in the 
promulgation of a statute,"[8] we must conclude that the use of "[p]rivate 
investigators with a firearms authorization," as opposed to private 
investigators "in possession of a valid handgun license issued pursuant to the 
provisions of the Oklahoma Self-Defense Act" was purposeful. Accordingly, we 
find that an unarmed private investigator licensee carrying pursuant to the OSDA 
may not carry a firearm into an Oklahoma state courthouse or 
public building, irrespective of whether the investigator is carrying for 
personal use or in the course and scope of the investigator's duties.
C. Armed Private Investigator License Holder
¶22 Pursuant to the Oklahoma Security Guard and Private Investigator Act, an 
armed private investigator licensee may carry a firearm into an Oklahoma state 
courthouse or other public building whether the investigator is in the course 
and scope of duties or not. The authority granted by the Act originates outside 
the OSDA, and as a result, the armed private investigator license may not be 
circumscribed by statutes that restrict where an OSDA permit holder may carry a 
firearm. The contours of this authority are described below. 
1. When an armed private investigator may carry a firearm
¶23 The Act details when the holder of an armed private investigator license 
may carry a firearm. Without equivocation, the Act communicates that a licensee 
may "carry a concealed or unconcealed firearm 
when on and off duty, provided the person is in possession of a 
valid driver license and a valid armed private investigator license." 
59 O.S.Supp.2013, § 
1750.5(C)(3) (emphasis added). Plainly, if a licensee may carry on and off 
duty, the licensee need not be acting in the course and scope of 
employment when exercising this right. Recent amendments to the Act reinforce 
this fact, as the 2013 Legislature expressly repealed the phrase "in the 
performance of his or her duties" in the section Act stating that an "armed 
private investigator is authorized to carry a firearm in the performance 
of his or her duties subject to the provisions of [the Act] and the 
rules promulgated by [CLEET]." 59 O.S.2011, § 1750.5(D) (emphasis added) 
(amended by 2013 Okla. Sess. Laws ch. 407, § 29(D)). Because we may never 
presume that the Legislature has performed "a vain or useless act in the 
promulgation of a statute," the intent of the Legislature is clear. See 
Gurich, 238 P.3d at 7. Upon receipt of the armed private investigator 
license, the licensee may carry a concealed or unconcealed firearm, on or off 
duty, so long as the investigator carries the proper identification. 
59 O.S.Supp.2013, § 
1750.5(C)(3). At all times, however, the armed private investigator licensee is 
subject to the respective provisions of the Oklahoma Security Guard and Private 
Investigator Act and "the rules promulgated by [CLEET]." Id. § 
1750.5(D).
2. Where an armed private investigator may carry a firearm
¶24 Unfortunately, neither statutes nor administrative rules prescribe 
where the holder of an armed private investigator license may 
carry a firearm. Indeed, the only relevant limitation on the licensee's right to 
carry is that the licensees must maintain both a driver's license and their 
armed private investigator license on their person wherever they carry a 
firearm. Id. § 1750.5(D). Had the Legislature intended to place 
locational constraints on this right, the Legislature could have done so. By 
comparison, the Legislature placed numerous controls on where OSDA licensees may 
carry a firearm. See 21 O.S.Supp.2013, § 1277 (detailing the various 
restrictions on where an OSDA licensee may carry a firearm). Yet, nowhere in the 
Oklahoma Security Guard and Private Investigator Act has the Legislature sought 
to impose similar restraints on armed private investigators. Moreover, nothing 
in the current CLEET regulations restricts where an armed private investigator 
licensee may carry a firearm. 
¶25 But for the ambiguous language of Title 21, Section 1277, our inquiry 
could terminate at this juncture. See State ex rel. Okla. Firefighters 
Pension & Ret. Sys. v. City of Spencer, 237 P.3d 125, 132 (Okla. 2009) ("If a statute is plain 
and unambiguous, it will not be subjected to judicial construction, but will 
receive the effect its language dictates."). Instead, based on the 
uncertainty in both this statute and the other acts it affects, we must observe 
the Supreme Court's guidance that statutes "must be construed as a consistent 
whole in harmony with common sense and reason and every portion thereof should 
be given effect if possible." Cowart v. Piper Aircraft 
Corp., 665 P.2d 
315, 317 (Okla. 1983) (emphasis added). 
¶26 As a means of harmonizing the statutes, one might posit that Title 21, 
Section 1277(F) should be read to disallow armed private investigators from 
carrying firearms into courtrooms or other state buildings unless they do so in 
the course and scope of duties. This approach, however, necessarily ignores the 
numerous, express references in Section 1277 to persons "in possession of a 
valid handgun license issued pursuant to the provisions of the Oklahoma 
Self-Defense Act" or "licensed pursuant to the Oklahoma Self-Defense Act." 
See 21 O.S.Supp.2013, § 
1277(A)-(E). Just as the Legislature cannot be presumed to have vainly 
incorporated the exemptions in Section 1277(F), the Legislature cannot be 
presumed to have exclusively applied each and every one of the subsections 
preceding Section 1277(F) to persons with an OSDA permit in vain. See 
Gurich, 238 P.3d at 7. Had the Legislature intended for the restrictions of 
Section 1277 to be more expansive, they could have drafted the statute 
accordingly. In fact, both Sections 1272 and 1272.1 of Title 21 refer to "any 
person," as opposed to the language in Section 1277, which clearly references 
"any person in possession of a valid handgun license issued pursuant to the 
provisions of the Oklahoma Self-Defense Act." See 21 O.S.Supp.2013, § 1272 (outlining unlawful carry 
generally); Id. § 1272.1 (providing limitations for the carrying of 
firearms where liquor is consumed); Id. § 1277 (defining locational 
proscriptions on OSDA permit holders). Because the Legislature declined to 
expand the proscriptions of Section 1277 despite its obvious awareness of how to 
do so, it is not within our province to reconcile the statute's conflicting 
subsections by expanding its restraints to include all persons carrying or 
possessing a weapon.
¶27 Next, this argument violates the rule that "[p]rovisions in the same 
statutory scheme should be given a construction which will result in harmonizing 
the provisions and giving reasonable effect to both sections without doing 
violence to either." Roach v. Atlas Life Ins. Co., 
769 P.2d 
158, 163 (Okla. 1989) (emphasis added). Obviously, to harmonize the 
subsections of Section 1277 by expanding its proscriptions, we would be forced 
to discount the numerous, explicit mentions of OSDA permit holders throughout 
the statute's substantive subsections. See 21 O.S.Supp.2013, § 1277(A)-(E). Further, we would 
have to neglect the Legislature's transparent desire to expand, rather than 
contract, the firearms authority of armed private investigators. See 2013 
Okla. Sess. Laws ch. 407, § 29(C)(3), (D) (allowing armed private investigators 
to "carry a concealed or unconcealed firearm when on and off duty" and expressly 
repealing the previous requirement that they carry only in the course and scope 
of duties). 
¶28 Although statutes "must be construed as a consistent whole in harmony 
with common sense and reason," we need only give effect to every portion 
"if possible." Cowart, 665 P.2d at 317 (emphasis added). 
Here, we cannot properly construe the limitations on the OSDA permit holders 
contained in Title 21, Section 1277 as applying to armed private investigators. 
As a consequence, the exception for private investigators with a firearms 
authorization when acting in the course and scope of employment cannot constrain 
the armed private investigator. Accordingly, based on the authority conferred by 
the Oklahoma Security Guard and Private Investigator Act, an armed private 
investigator licensee may carry a firearm into an Oklahoma state courthouse or 
other public building whether the investigator is in the course and scope of 
duties or not.
D. Armed Security Guard License Holder
¶29 The Oklahoma Security Guard and Private Investigator Act stands silent on 
both when and where an armed security guard licensee may carry a firearm. 
Nevertheless, each licensee remains subject to administrative rules promulgated 
by CLEET. 59 O.S.Supp.2013, § 
1750.5(D).
¶30 For its part, CLEET has clarified that "[a]n Armed Security Guard License 
grants no authority to carry a firearm when not acting directly in the 
course and scope of employment." OAC 390:35-5-2(c) (2011) (emphasis 
added). Thus, regardless of where a licensee carries a firearm, the licensee may 
do so under this license only when acting directly in the course and scope of 
employment.
¶31 Like the Legislature, CLEET has remained silent on what geographic 
limitations attach to the armed security guard license. Had the Legislature 
intended to place locational restrictions on this class of license, it could 
have done so. Similarly, had CLEET intended to restrict this license 
geographically, it could have done so. Nevertheless, neither the Legislature nor 
CLEET have exercised their authority to enact locational restrictions. 
Therefore, under current Oklahoma law, the armed security guard license confers 
upon its holder a right to carry a firearm in the course and scope of employment 
bereft of locational prohibitions.[9] 
IV.
Conclusion
¶32 A private investigator in Oklahoma may carry a firearm under three 
separate licenses. The first two - the armed private investigator and armed 
security guard licenses - derive from the Act, while the third comes from the 
OSDA. Under the two licenses deriving their authority from the Act, a private 
investigator may carry a firearm into a state courthouse or state public 
building in Oklahoma, so long as the investigator is acting in the course and 
scope of the investigator's duties. In addition, a private investigator in 
possession of the armed private investigator license may carry a firearm both in 
and outside the course and scope of the investigator's duties, into any state 
courthouse or state public building in Oklahoma. An unarmed private investigator 
in possession of an OSDA permit, however, carries a firearm with no superior 
firearms rights than any other Oklahoma citizen, and may not carry a firearm 
into an Oklahoma state courthouse or state public building, regardless of 
whether the investigator is on duty or not. 


¶33 It is, therefore, the official Opinion of the Attorney General that:
1. A private investigator in possession of an armed private investigator 
license may carry a firearm into a state courthouse or other state public 
building in the State of Oklahoma, regardless of whether the person is acting 
inside or outside the scope of employment. 59 O.S.Supp.2013, § 1750.5.
2. A private investigator in possession of an armed security guard license 
may carry a firearm into a state courthouse or other state public building in 
the State of Oklahoma, so long as the person is acting directly in the course 
and scope of employment. OAC 390:35-5-2(c) (2011). 
3. A private investigator in possession of an unarmed private investigator 
license may not carry a firearm pursuant to an Oklahoma Self-Defense Act permit 
into a state courthouse or other state public building in the State of Oklahoma, 
regardless of whether the person is acting in the course and scope of 
employment. 21 O.S.Supp.2013, § 
1277(A), (F).
4. A private investigator with an unarmed private investigator license may 
not carry a firearm without some additional grant of authority from a separate 
license, as the unarmed private investigator license confers no right to carry a 
firearm upon the licensee. See 59 O.S.Supp.2013, § 1750.5(A).
E. SCOTT PRUITT
Attorney General of Oklahoma 
Kristopher Dale Jarvis
Assistant Attorney General
FOOTNOTES
[1] See 1996 Okla. 
Sess. Laws ch. 191, § 2; 2003 Okla. Sess. Laws ch. 465, § 1; 2007 Okla. Sess. 
Laws ch. 128, § 1; 2012 Okla. Sess. Laws ch. 259, § 1; 2013 Okla. Sess. Laws ch. 
102, § 1. 
[2] A "security guard," for purposes of the Act, is defined 
as:
[A]n individual contracting with or employed by a security agency, private 
business or person to prevent trespass, theft, misappropriation, wrongful 
concealment of merchandise, goods, money or other tangible items, or engaged as 
a bodyguard or as a private watchman to protect persons or property . . . 
.
Id. § 1750.2(7). Oklahoma law defines an armed security guard as "a 
security guard authorized to carry a firearm[.]" Id. § 1750.2(8). 
[3] "Private investigator," as defined by the Act, 
means:
[A] person who is self-employed, or contracts with, or is employed by an 
investigative agency for the purpose of conducting a private investigation and 
reporting the results to the employer or client of the employer relating to:
a. potential or pending litigation, civil, or criminal,
b. divorce or other domestic investigations, 
c. missing persons or missing property, or
d. other lawful investigations . . . [.]
Id. § 1750.2(4). Unsurprisingly, the Act defines an "armed private 
investigator" as a "private investigator authorized to carry a firearm." Id. 
§ 1750.2(5).
[4] 21 O.S.Supp.2013, § 1290.3 (authorizing the Oklahoma 
State Bureau of Investigation to license an eligible person to carry a concealed 
or unconcealed handgun as provided by the Oklahoma Self Defense Act). 
[5] OSDA license holders are also prevented from carrying a 
firearm on the grounds of any college, university, or technology school 
property. 21 O.S.Supp.2013, § 
1277(E). This limitation, like the others enumerated in Title 21, Section 
1277, carries numerous exceptions. See generally id. § 1277. 
[6] Amendments to the Act support the notion that the 
Legislature may now consider an armed security guard licensee to fall within the 
rubric of those with a "firearms authorization" for purposes of Title 21, 
Section 1277. See e.g., 59 O.S.Supp.2013, § 1750.5(D). Nevertheless, such an 
analysis would fail to dispose of any relevant issues related to your question. 
For that reason, this Opinion will forgo that examination.
[7] 21 O.S.Supp.2013, § 1277(F).
[8] Gurich, 238 P.3d at 7. 
[9] Although it fails to inform as to when or where an 
armed security guard may carry a firearm, the rules do mention that "[a]ll armed 
security guards not in uniform apparel must carry their firearm concealed from 
view." OAC 390:35-13-1(b) (2011). 




 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 1989 OK 27, 769 P.2d 158, 60 OBJ 536, Roach v. Atlas Life Ins. Co.
Cited
 1992 OK 31, 829 P.2d 15, 63 OBJ 682, TRW/Reda Pump v. Brewington
Cited
 2006 OK 78, 145 P.3d 1097, DEAN v. MULTIPLE INJURY TRUST FUND
Cited
 2006 OK 99, 152 P.3d 875, STATE ex rel. OKLA. STATE DEPT. OF HEALTH v. ROBERTSON
Cited
 2009 OK 73, 237 P.3d 125, STATE ex rel. OKLA. FIREFIGHTERS PENSION AND RETIREMENT SYSTEM v. CITY OF SPENCER
Cited
 2010 OK 56, 238 P.3d 1, STATE ex rel. OKLAHOMA DEPT. OF PUBLIC SAFETY v. GURICH
Cited
 2012 OK 39, 276 P.3d 1031, LEDBETTER v. HOWARD
Cited
 1983 OK 66, 665 P.2d 315, Cowart v. Piper Aircraft Corp.
Cited
Title 21. Crimes and Punishments
 Cite
Name
Level

 21 O.S. 1290.5, Term of License and Renewal
Cited
 21 O.S. 1272, Unlawful Carry
Discussed
 21 O.S. 1272.1, Carrying Firearms Where Liquor Is Consumed
Cited
 21 O.S. 1277, Unlawful Carry in Certain Places
Discussed at Length
 21 O.S. 1290.3, Authority to Issue License
Cited
 21 O.S. 1290.10, Mandatory Preclusions
Cited
Title 59. Professions and Occupations
 Cite
Name
Level

 59 O.S. 1750.1, Short Title
Discussed
 59 O.S. 1750.3, Director's Powers and Authority - Council on Law Enforcement Education and Training - Powers and Duties
Cited
 59 O.S. 1750.5, Licenses Authorized to be Issued - Firearms - Identification Card - Liability Coverage - Inactive Status
Discussed at Length